**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 08-CV-22317 Graham-Torres

ISABEL DIAZ, etc.

      Plaintiff,

vs.

JAGUAR RESTAURANT GROUP, LLC., et al.

      Defendants.

## DEFENDANT'S MOTION TO AMEND ANSWER TO CONFORM TO THE EVIDENCE

Defendants JAGUAR RESTAURANT GROUP, LLC, EDUARDO DURAZO, and JAGMAR MANAGEMENT GROUP, LLC, (collectively "Jaguar"), move this Court to amend Defendants' Answer pursuant to Fed. R. Civ. P. 15(b), to conform to the evidence and states:

1.     Defendants move to amend Defendant's Answer under Fed. R. Civ. P. 15(b) ("Rule 15(b)"), to conform to the evidence and to assert an affirmative defense that, assuming Plaintiff was an employee, she was an exempt employee pursuant to 29 U.S.C.A. § 213(a)(1), as she was employed in a bona fide administrative or professional capacity (the "Administrative Exemption").

2.     There is a strong policy favoring the liberality of amendments. Borden, Inc., v. Florida East Coast Railway Co., 772 F.2d 750, 757 (11th Cir. 1985). Rule 15(b) states: "When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move – at any time, even after judgment – to amend the pleadings to conform to the evidence and to raise an unpleaded issue."

RM:6891679:1

RUDEN, McCLOSKY, SMITH, SCHUSTER & RUSSELL, P.A.

3.      Plaintiff has tried the Administrative Exemption by express or implied consent. One could easily say that the issue has been tried by express consent since Plaintiff herself testified at length to her administrative duties.

4.      The intent of Rule 15(b) is to "provide the maximum opportunity for each claim to be decided on its merits rather than on procedural necessities." Farfaras v. Citizens Bank and Trust of Chicago, 433 F. 3d 558, 568 (7th Cir. 2006), citing, In re Prescott, 805 F. 2d 719, 725 (7th Cir. 1986). The test for determining whether an issue has been tried by implied consent is "whether the opposing party had a fair opportunity to defend and whether he could have presented additional evidence had he known sooner the substance of the amendment." In re Prescott, 805 F. 2d at 725.

5.      When issues outside the pleadings are tried by the express or implied consent of the parties, Rule 15(b) **requires** that the amendment be allowed. Borden, Inc., v. Florida East Coast Railway Co., 772 F.2d 750, 758 (11th Cir. 1985).  Further, when an affirmative defense that has not been raised in pleadings has actually been tried by implied consent of the parties, the court must treat the defense as if it had been raised in the original responsive pleading. Conjugal Partnership Comprised by Joseph Jones and Verneta G. Jones v. Conjugal Partnership Comprised of Arthur Pineda and Toni Pineda, 22 F.3d 391, 400 (1st Cir. 1994).

6.      Implied consent is generally found where the opposing party actually produced evidence on the new issue. Id. at 401.  At trial during her direct examination, taken by her counsel, Plaintiff testified as to her duties as a bookkeeper and administrator.  The following is a list of the administrative duties Plaintiff testified that she performed, particularly she:

     (i)     was employed as a bookkeeper;
     (ii)    was in charge of payroll;
     (iii)   oversaw accounts receivable and accounts payable;
     (iv)   registered all sales;
     (v)    prepared reports, including cash flow reports;

RM:6891679:1

RUDEN, McCLOSKY, SMITH, SCHUSTER & RUSSELL, P.A.

| | |
|---|---|
| (vi) | made bank deposits for Defendants; |
| (vii) | withdrew money from banks for Defendants; |
| (viii) | chose which vendors to pay and which not to pay; |
| (ix) | received merchandise; |
| (x) | counted money; |
| (xi) | determined how much had been made in tips; |
| (xii) | distributed tips; |
| (xiii) | ran the Point of Sale system reports; |
| (xiv) | matched Point of Sale reports with what the servers claimed had been made; |
| (xv) | received reports from managers relating to the Restaurant's activities; |
| (xvi) | revised menu prices; |
| (xvii) | adjusted rates of pay for employees; |
| (xviii) | posted journal entries; |
| (xix) | kept track of cash and credit charges; |
| (xx) | managed all credit card transactions; |
| (xxi) | consolidated cash; |
| (xxii) | dealt with the computer company to solve all computer related problems; |
| (xxiii) | oversaw punch ins and punch outs of employees; |
| (xxiv) | input employees' information into a centralized system; |
| (xxv) | created files for all employees; |
| (xxvi) | called employees if they were late; |
| (xxvii) | called providers if something was needed; |
| (xxviii) | made copies; |
| (xxix) | opened personnel files; |
| (xxx) | dealt with Paycheck to provide that entity with the payroll; |
| (xxxi) | reconciled all income; |
| (xxxii) | helped draft the Jaguar Employee Manual; |
| (xxxiii) | ran personal errands for Defendant Durazo; |
| (xxxiv) | paid Defendant Durazo's American Express bill; and |
| (xxxv) | performed all of the above tasks with a high degree of independence, particularly in Durazo's absence. |

7.     The issue of the Administrative Exemption, raised by Plaintiff, is apparent from the above evidence provided by Plaintiff relating to her duties as a bookkeeper and administrator.

8.     Plaintiff has had a fair opportunity to defend against the Administrative Exemption issue, and will not be prejudiced by the granting of this Motion.

RM:6891679:1

3

RUDEN, McCLOSKY, SMITH, SCHUSTER & RUSSELL, P.A.

9.      Plaintiff has known of the Administrative Exemption issue.   This issue was included in the Pre-Trial Stipulation and by the inclusion of a proposed jury instruction on the Administrative Exemption issue.

10.     Justice requires that the matter be considered by this Court and the jury.

**WHEREFORE**, Defendants respectfully request this Court grant Defendant's Motion to Amend and permit Defendant's to amend their Answer to conform to the evidence.

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on October 22, 2009 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on J. H. Zidell, Esq., *Attorney for Plaintiff*, 300 71st Street #605, Miami Beach, FL 33141, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

RUDEN, McCLOSKY, SMITH
SCHUSTER & RUSSELL, P.A.
*Attorneys for Defendant Jaguar*
701 Brickell Avenue, Suite 1900
Miami, Florida 33131
(305) 789-2700
Fax:  (305) 537-3955


s/ Norman S. Segall
NORMAN S. SEGALL
Florida Bar No.:  158302

RM:6891679:1

4

RUDEN, McCLOSKY, SMITH, SCHUSTER & RUSSELL, P.A.