UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-22317-CIV-TORRES

ISABEL DIAZ,

      Plaintiff,

vs.

JAGUAR RESTAURANT GROUP, LLC,
EDUARDO DURAZO,
JAGMAR MANAGEMENT GROUP, LLC,

      Defendants.
_____/

## ORDER ON MOTIONS TO TAX COSTS; FINAL JUDGMENT ON COSTS

This matter is before the Court on Defendants' Motions to Tax Costs [D.E. 58, 59] following the entry of Final Judgment in their favor in this FLSA action. The Court has reviewed Defendants' Motions and Plaintiff's response in partial opposition to certain costs requested in the motion. Upon review of the parties' positions and the record, the motions for costs will be Granted in part and Final Judgment on Costs entered in Defendants' favor collateral to the earlier Final Judgment.

    1.    The Court entered Final Judgment in Defendants' favor following a jury trial held in this action. As a result, Defendants are prevailing parties in the action and entitled to statutory costs under 28 U.S.C. § 1920 and Fed. R. Civ. P. 54.

    2.    Defendants timely moved for costs, seeking a total award of $4,044.55.

3.  After an earlier motion to stay collateral proceedings was denied, Plaintiff responded in partial opposition to the motions, questioning the amount and necessity of the photocopying expenses included in the motion. The motions requested $1,228.80 in reproduction and copying costs, as provided in section 1920(4).

4.  Therefore, the only issue for the Court's determination is the proper amount of reproduction and copying costs to assessed. There is no challenge to the other amounts requested in the pending motions, and the Court indeed finds that each amount requested falls squarely within the provisions of section 1920. Additionally, the Court has reviewed the supporting materials attached to the motions evidencing that these costs were in fact incurred and thus fully compensable following entry of final judgment.

5.  With respect to the photocopying costs, in exercising its broad discretion to determine which photocopy charges to tax and to determine proper value, the Court considers "whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *EEOC v. W&O, Inc.,* 213 F.3d 600, 623 (11th Cir. 2000). Additionally, the burden rests on the prevailing party to demonstrate entitlement to photocopying expenses. *See, e.g., Scelta v. Delicatessen Support Services, Inc.,* 203 F. Supp. 2d 1328, 1340 (S.D. Fla. 2002).

6.  To meet this burden, the prevailing party must demonstrate that the photocopying costs sought to be recovered were made for purposes of discovery, pleadings, memoranda, or motions. *See, e.g., Fulton Federal Savings & Loan Ass'n v. American Ins. Co.,* 143 F.R.D. 292, 299 (N.D. Ga. 1991). Copies made for the general

convenience of counsel or copies of documents already possessed by the prevailing party's counsel are not recoverable. *E.g., Duckworth v. Whisenant,* 97 F.3d 1393, 1399 (11th Cir. 1996).

7. The Court's review of the supporting materials shows that the majority of photocopy charges requested are at $0.20 per page, which is on the high side but nevertheless within reasonable standards in this legal community. The amount of copies charged, which appear to be almost entirely incurred during the immediate preparation for trial, is high but again within customary standards.

8. Plaintiff objects, however, to the amount of photocopying costs charged based upon the cost per page requested and the fact no detailed explanation was provided as to why the amount of copies needed was so high. Given that the copies were incurred in the trial preparation stage of the case only, that eliminates the concern that copying for pretrial convenience of counsel were included. Nevertheless, given the high number of copies incurred in a small period, Plaintiff has a point that insufficient evidence has been provided to show that each copy made was strictly necessary and not just for convenience of counsel. Accordingly, a 20 percent reduction will be made as to the amount requested to adjust for possible unnecessary copying charges included in the motions. Other than this adjustment, however, the Court finds that the copying charges are reasonable and commensurate with the nature of this case. They are compensable under section 1920(4).

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

A. Defendants' Motions to Tax Costs [D.E. 58, 59] are **GRANTED** in part.

B. The Court finds that Defendants are entitled to a cost judgment of $3,798.79 in accordance with this Order.

C. Pursuant to Fed. R. Civ. P. 54 and 58, the Court hereby enters **FINAL JUDGMENT** in favor of Defendants Jaguar Restaurant Group LLC, Eduardo Durazo, and Jagmar Management Group LLC, and against Plaintiff Isabel Diaz, in the amount of THREE THOUSAND SEVEN HUNDRED NINETY EIGHT DOLLARS AND SEVENTY NINE CENTS ($3,798.79), for which sum let execution issue subject to Fed. R. Civ. P. 62 and S.D. Fla. Local R. 62.1.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31st day of January, 2010.

*/s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge