**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 08-22317-CIV-GRAHAM/TORRES**

| | |
|---|---|
| ISABEL DIAZ, )<br>)<br>    Plaintiff, )<br>  vs. )<br>)<br>JAGUAR RESTAURANT GROUP, LLC )<br>EDUARDO DURAZO )<br>JAGMAR MANAGEMENT GROUP, LLC )<br>JAGMAR BRANDS, LLC )<br>)<br>    Defendants. )<br>_____/ | CONSENT CASE |

**DEFENDANTS' TENDER OF FULL PAYMENT
AND MOTION TO DISMISS WITH PREJUDICE**

Defendants, by and through undersigned counsel, hereby advise the Court of their tender of full payment to Plaintiff, ISABEL DIAZ ("Diaz"), and respectfully requests that the Court dismiss this action with prejudice pursuant to Fed.R.Civ.P. 12(h)(3), and in support state:

**TENDER OF FULL PAYMENT**

1. On August 20, 2008, Plaintiff filed her Complaint against Defendants asserting an alleged claim for recovery of overtime compensation. [D.E. #1].

2. On August 22, 2008, Plaintiff filed a Statement of Claim [D.E. #4], stating that:

   Amount of half time per hour not compensated: $6.00
   Weeks: 132 (based on 3 year period from filing Complaint)
   Overtimes hours per week: 20
   Total wages unpaid and liquidated damages: $15,840 X 2 = $31,680.

3. Although Defendants vigorously deny all of Plaintiff's claims, and deny that Defendants owe Plaintiff any amount of money for unpaid overtime wages or any damages (including liquidated damages) whatsoever, in order to render Plaintiff's claims moot Defendants

have tendered to Plaintiff payment in full. Defendants' tender was based upon Plaintiff's own calculations as set forth in her Complaint [D.E. #1] and her Statement of Claim [D.E. #4].

4. As set forth in Plaintiff's Statement of Claim, Plaintiff calculated her alleged overtime damages to be $15,840 in actual damages, and $15,840 in liquidated damages, totaling $31,680. A photocopy of the check in the amount of $31,680 tendered to Plaintiff and a letter from Defendants' counsel showing hand-delivery of same this date is collectively annexed hereto as **Exhibit "A."**

## MOTION TO DISMISS WITH PREJUDICE

5. Having tendered payment in full for all amounts that could possibly be owed to Plaintiff according to her own calculations as set forth in her Complaint and Statement of Claim, Defendants have eliminated any controversy or claim available to be pursued by Plaintiff in this Court. Defendants' tender of Plaintiff's maximum recoverable damages under the FLSA has rendered this case moot. Therefore, pursuant to Fed.R.Civ.P. 12(h)(3), dismissal with prejudice of Plaintiff's claims is appropriate and necessary because the Court now lacks subject matter jurisdiction. *See Dionne v. Floormasters Enterprises, Inc.*, --- F.3d ----, 2011 WL 3189770 (11th Cir. July 28, 2011). *See also Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources,* 532 U.S. 598, 601 (2001), *superseded by statute on other grounds,* Open Government Act of 2007, Pub.L. No. 110–175, 121 Stat. 2524.

6. No judgment has been entered in favor of Plaintiff herein, and no settlement has been reached. Furthermore, where a plaintiff has been tendered full compensation on her FLSA claim, no compromise is involved and judicial approval is not required. *See Dionne*, 2011 WL 3189770 at *5.

7. In the event that Plaintiff attempts to characterize Defendants' tender as a settlement offer or settlement payment, such a characterization would be incorrect. Defendants have voluntarily altered their conduct and have done so in the absence of judgment and without judicial approval.

8. Absent a judgment entered in favor of Plaintiff or judicial approval of a settlement agreement and retention of jurisdiction to enforce same, Plaintiff is not a prevailing party and is not entitled to an award of attorneys' fees or costs under the FLSA. *See Buckhannon,* 532 U.S. at 603 (defining prevailing party as "party in whose favor judgment is rendered) (citation omitted); *Dionne*, 2011 WL 3189770 at *6 ("The FLSA plainly requires that the plaintiff receive a judgment in his favor to be entitled to attorney's fees and costs.").

9. Defendants vigorously deny all of Plaintiff's claims and deny that Defendants owe Plaintiff any amount of money for unpaid overtime wages or any damages (including liquidated damages). However, in order to render Plaintiff's claims moot, Defendants have tendered to Plaintiff payment in full based upon Plaintiff's own calculations as set forth in her Complaint and her Statement of Claim.

**WHEREFORE**, as Plaintiff's case is moot, Defendants respectfully request this Court to enter an order dismissing Plaintiff's claims with prejudice and stating that Plaintiff is not entitled to any award of attorneys' fees or costs as Plaintiff is not a prevailing party in this action, and granting Defendants such other and further relief as is just and proper.

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and accurate copy of the foregoing document is being served upon J.H. Zidell, Esq., J. H. Zidell, P.A., 300 71st Street, Suite 605, Miami Beach, Florida

33141, (305) 865-6766, zabogado@aol.com, on August 12, 2011, via transmission of Notice of Electronic Filing generated by CM/ECF.

### Certificate of Good Faith Conference; Conferred but Unable to Resolve Issues Presented in the Motion

Pursuant to Local Rule 7.1(a)(3), I hereby certify that Counsel for the movant has conferred with counsel for all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues, but has been unable to resolve the issues as Plaintiff has not agreed.

Respectfully submitted,

SEGALL GORDICH P.A.
*Attorneys for Defendants*

 /s/Norman S. Segall
NORMAN S. SEGALL
Florida Bar No. 158302
NSS@segallgordich.com
SUNDEEP K. MULLICK
Florida Bar No. 18175
SKM@segallgordich.com