UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-CV-22317 GRAHAM-TORRES

Consent Case

ISABEL DIAZ,

    Plaintiff,

vs.

JAGUAR RESTAURANT GROUP, LLC, *et al*.

    Defendants.

### JOINT NOTICE OF FILING AND JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AS STIPULATED FINAL JUDGEMENT

Plaintiff, ISABEL DIAZ ("Plaintiff"), and Defendants, JAGUAR RESTAURANT GROUP, LLC, EDUARDO DURAZO, and JAGMAR MANAGEMENT GROUP, LLC, ("Defendants") (collectively "the Parties"), jointly request that this Court approve the Parties' settlement of the above captioned matter. Because Plaintiff's action and claims arise under the Fair Labor Standards Act ("FLSA"), the Parties' settlement must be approved by this Court and said approval must be entered as a stipulated final judgment. The Parties' executed Settlement Agreement is attached hereto as **Exhibit "A."**

### I.    Legal Principles

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See*

29 U.S.C. 216(c) of the FLSA; *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Id*.; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); J*arrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960,961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release Plaintiff's FLSA claims against Defendants. The proposed settlement arises out of an action brought by Plaintiff against her former employer, which was adversarial in nature. During the litigation and settlement of this action, Plaintiff was represented by experienced counsel.

The Parties agree that the instant action involves disputed issues. The Parties further agree that the settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Plaintiff and her counsel discussed the Plaintiff's alleged overtime hours and pay rate and formulated their own proposed settlement figures. The Parties then engaged in settlement discussions based upon their independent calculations. The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations. All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.

## II.     Conclusion

The Parties jointly and respectfully request that this Court approve the settlement agreement of the Parties, and dismiss the instant action as well as any and all other potential claims between the Parties. The Parties request that the Court retain jurisdiction to enforce the settlement agreement.

Respectfully submitted, this 30th day of March, 2012.

| SEGALL GORDICH P.A<br>*Attorneys for Defendants*<br>801 Brickell Avenue, Suite 900<br>Miami, FL  33131<br>Telephone: (305) 755-4930<br>Fax: (305) 438-7438<br><br>/s/ Norman S. Segall<br>NORMAN S. SEGALL<br>Florida Bar No. 158302<br>NSS@segallgordich.com<br>SUNDEEP K. MULLICK<br>Florida Bar No. 18175<br>SKM@segallgordich.com | LAW OFFICES OF J.H. ZIDELL<br>Counsel for Plaintiff<br>300 71st Street, # 605<br>Miami Beach, Florida 33141<br>Telephone: 305-865-6766<br>Fax: 305-865-7167<br><br>s/ J.H. ZIDELL<br>J.H. Zidell, Esq.<br>Fl. Bar Number 0010121<br>Zabogado@aol.com |