## <u>SETTLEMENT, RELEASE, AND NON-DISCLOSURE AGREEMENT</u>

THIS SETTLEMENT, RELEASE, AND NON-DISCLOSURE AGREEMENT (hereinafter referred to as the "Agreement") is made and entered into by and between ISABEL DIAZ and her successors, successors in interest, assigns, current or former agents, employees, representatives, attorneys, fiduciaries, administrators, trustees, partners, legal representatives, personal representatives, heirs in any capacity whatsoever (hereinafter collectively referred to as "Plaintiff") and JAGUAR RESTAURANT GROUP, LLC, EDUARDO DURAZO, and JAGMAR MANAGEMENT GROUP, LLC (which shall also collectively include all past and present parents, successors in interest and assigns, affiliates, subsidiaries, divisions, departments, wholly-owned corporations or partnerships, business associations, sole proprietorships, and its current or former officers, agents, representatives, attorneys, fiduciaries, administrators, directors, trustees, stockholders, partners, legal representatives, personal representatives, successors, heirs or employees, in both their individual and official capacities)(hereinafter collectively referred to as "Defendants").

### W I T N E S S E T H :

WHEREAS, Plaintiff filed a civil action against Defendants in the United States District Court for the Southern District of Florida, to which case number 08-22317-CIV-GRAHAM/TORRES was assigned (hereinafter referred to as the "civil action"), and in which Plaintiff alleges claims under the Fair Labor Standards Act ("FLSA");

WHEREAS, Defendants deny all the allegations in the civil action;

WHEREAS, Plaintiff and Defendants desire to avoid incurring further costs of litigation, and seek to resolve all matters in controversy, disputes, and causes of action between them in an amicable fashion;

WHEREAS, Plaintiff and Defendants have reached a full and final compromise and settlement of all matters, causes of action, claims and contentions between them;

WHEREAS, Plaintiff specifically acknowledges that she is releasing, among other claims, any claims under the FLSA, and all amendments thereto;

WHEREAS, Plaintiff further acknowledges that any payment received pursuant to this Agreement constitutes consideration which she is accepting in place of any compensation she may otherwise be entitled to receive from Defendants.

NOW THEREFORE, in consideration of the mutual covenants, recitals and promises herein contained and other good and valuable consideration, the sufficiency of which is hereby acknowledged and to avoid unnecessary litigation, it is hereby agreed by and between the parties as follows:

FIRST:  This Agreement, and compliance with this Agreement, shall not be construed as an admission by Defendants of any liability whatsoever, or as an admission by Defendants of any violation of the rights of Plaintiff or any other person, or of any violation of any order, law, statute, duty, or contract, or any act of discrimination whatsoever against Plaintiff or any other person, and Defendants specifically disclaim any liability to Plaintiff or any other person, and any alleged violation of any rights of Plaintiff or any other person, or of any order, law, statute, duty or contract.

SECOND:  The parties agree that they will take all necessary actions and execute, serve, and file all necessary documents and pleadings to dismiss with prejudice this civil action.

THIRD:  Defendants agree to pay Plaintiff and her attorneys the total sum of One Hundred Seventeen Thousand Five Hundred Dollars ($117,500.00), to be divided into payments of $80,000, $18,750 and $18,750, as set forth more fully in this paragraph.

1.    Defendants will provide Plaintiff with the following on Friday, March 30, 2012:

a. For the $80,000 payment: Defendants' check, dated March 30, 2012, made payable to "Client Trust Account of JH Zidell PA" in the amount of $31,860, and Defendants' check, dated March 30, 2012, made payable to "Client Trust Account of JH Zidell PA" in the amount of $48,140;

b. Defendants' check, dated May 10, 2012, made payable to JH Zidell PA for $18,750; and

c. Defendants' check, dated June 10, 2012, made payable to JH Zidell PA for $18,750.

2.   Simultaneously on March 30, 2012, in exchange for the foregoing checks, Plaintiff's counsel will immediately void and return to Defendants the original voided Segall Gordich P.A. trust account check #1246, dated August 12, 2011, in the amount of $31,860 (which Plaintiff's counsel is currently holding).

3.   Plaintiff will receive $20,000 of the total settlement amount, and will be paid from the first settlement check. $89,471.38 of the total settlement amount is allocated for fees, and $8,028.62 is allocated to reimburse costs to J.H. Zidell PA.

FOURTH:   The parties agree that it is the sole responsibility of Plaintiff's counsel, J.H. Zidell, P.A., to remit and disburse all sums owed to Plaintiff under the terms of the Agreement.

FIFTH:   Plaintiff acknowledges that she is no longer employed by any of the Defendants as of the date of this agreement. Plaintiff agrees not to make any application for employment at any time, in any capacity, with Defendants. Plaintiff further waives and releases any right to be considered for any such employment.

SIXTH:   It is expressly understood by Plaintiff and her attorneys that the obligations of Defendants contained in paragraph THIRD of this Agreement shall be in lieu of any and all amounts of money and/or obligations, including but not limited to, special, general or exemplary



3

damages, attorneys' fees, interest, expenses, and/or costs actually incurred, to which Plaintiff or any of her attorneys are now, or may become entitled to, based upon any claim whatsoever arising out of anything that occurred prior to, and including, the date this Agreement is executed.

SEVENTH: Although this Settlement Agreement will be filed with the Court, Plaintiff warrants that she, her attorneys, agents and/or family members have not and will not disclose, discuss, communicate, disseminate and/or publicize, or cause or permit to be disclosed, discussed, communicated, disseminated or publicized the existence of or the terms and conditions of this Agreement or its underlying facts, directly or indirectly, specifically or generally, to any person, business, organization, corporation, association, governmental agency, except as follows: (1) to the extent necessary to report income to appropriate taxing authorities; (2) to her attorney(s) and accountant(s); or (3) in response to requirements of law or a subpoena issued by a state or federal court or governmental agency. Plaintiff shall advise such individuals, courts or agencies of this non-disclosure agreement and obtain their agreement not to disclose the terms of this Agreement. Plaintiff agrees and understands that she is responsible and shall be liable for any disclosure that may occur as a result of a third party.

Plaintiff further agrees that in the event she violates this provision, Defendants shall be entitled to the following from her:

a.     An injunction issued by the Court to prevent such disclosure; and

b.     Damages that are sustained, directly or indirectly, to Defendants as a result of such violation.

c.     Attorney's fees and costs incurred for breach proceedings will be paid by the non-prevailing party to the prevailing party.

The foregoing agreement not to disclose shall be binding on Plaintiff, her attorneys, accountants, agents and family members. Plaintiff's signature hereto also establishes her 

4

acknowledgment that this non-disclosure provision is a material element of the Agreement and is a part of the consideration for Plaintiff and Defendants entering into this Agreement. No action of Defendants shall be taken as a waiver of its right to insist that Plaintiff abide by the non-disclosure terms of this Agreement.

Defendants and Plaintiff agree that it would not be a violation of this paragraph for Plaintiff to state that she was employed by Defendants, the positions held, the duties performed, and the pay received. The parties further acknowledge that if Plaintiff is asked about the civil action she may only respond that the "matter was amicably resolved." In the event that a prospective employer requests an employment reference for the Plaintiff, the parties agree that Defendants will only provide dates of employment, and/or positions held, and/or rates of pay and nothing else.

EIGHTH: Plaintiff and her counsel are executing simultaneously herewith a Release in favor of Defendants. Such release shall be held in escrow by Defendants' counsel until all settlement checks set forth in paragraph THIRD have cleared.

NINTH: The parties represent and agree that they have thoroughly discussed all aspects of this Agreement with their attorneys and have carefully read and fully understand all of the provisions of this Agreement, and that they are voluntarily entering into this Agreement. The parties also represent and agree that the terms of this Agreement have been translated to the parties in Spanish, and that they thoroughly discussed all aspects of this Agreement with their attorneys, fully understand all of the provisions of this Agreement, and that they are voluntarily entering into this Agreement.

TENTH: The parties hereto represent and acknowledge that in executing this Agreement they do not rely and have not relied on any representation or statement made by the other party or by any of the other parties' agents, representatives, or attorneys with regard to the subject



5

matter, basis, or effect of this Agreement or otherwise other than those specifically stated in this written Agreement.

ELEVENTH:  Any breach of any term, provision, or obligation of this Agreement by any party, shall entitle the other to seek enforcement of such term, provision or obligation in a court of law of competent jurisdiction, and shall entitle the prevailing party to an award of the reasonable attorney fees and costs incurred in such proceeding.  The proper and only venue for any action, based upon any alleged breach of any term, provision, or obligation of this Agreement, shall be in Miami-Dade County, Florida and Florida law will apply.   This Agreement has been jointly drafted by the parties and shall not be construed against any party as the drafter.

TWELFTH:  Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity and enforceability of the remaining parts, terms or provisions shall not be affected thereby, and said illegal, unenforceable, or invalid part, term, or provision shall be deemed not to be part of this Agreement.

THIRTEENTH:   The parties to this Agreement may execute their signatures in counterpart, each document of which may be considered as an original when executed.

FOURTEENTH:  Upon clearance of all checks for the settlement amounts set forth in paragraph THIRD, Plaintiff's counsel will file a Joint Dismissal with Prejudice with the Court.

FIFTEENTH: The Parties agree that the District Court shall retain jurisdiction to enforce all terms of this settlement agreement.

_____           _____
Plaintiff ISABEL DIAZ                                  Defendant EDUARDO DURAZO
Date:                                                           Date:  3/29/12

JAGUAR RESTAURANT GROUP, LLC

By: _____
    EDUARDO DURAZO
    Title: Managing Partner
    Date: 3|29|12

JAGMAR MANAGEMENT GROUP, LLC

By: _____
    EDUARDO DURAZO
    Title: Managing Partner
    Date: 3|29|12

LAW OFFICES OF J.H. ZIDELL
300 71st Street, # 605
Miami Beach, Florida 33141
Telephone: 305-865-6766
Fax: 305-865-7167


By: _____
    J.H. ZIDELL
    Date:

matter, basis, or effect of this Agreement or otherwise other than those specifically stated in this written Agreement.

ELEVENTH:  Any breach of any term, provision, or obligation of this Agreement by any party, shall entitle the other to seek enforcement of such term, provision or obligation in a court of law of competent jurisdiction, and shall entitle the prevailing party to an award of the reasonable attorney fees and costs incurred in such proceeding.  The proper and only venue for any action, based upon any alleged breach of any term, provision, or obligation of this Agreement, shall be in Miami-Dade County, Florida and Florida law will apply.  This Agreement has been jointly drafted by the parties and shall not be construed against any party as the drafter.

TWELFTH:  Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity and enforceability of the remaining parts, terms or provisions shall not be affected thereby, and said illegal, unenforceable, or invalid part, term, or provision shall be deemed not to be part of this Agreement.

THIRTEENTH:   The parties to this Agreement may execute their signatures in counterpart, each document of which may be considered as an original when executed.

FOURTEENTH:  Upon clearance of all checks for the settlement amounts set forth in paragraph THIRD, Plaintiff's counsel will file a Joint Dismissal with Prejudice with the Court.

FIFTEENTH: The Parties agree that the District Court shall retain jurisdiction to enforce all terms of this settlement agreement.

Plaintiff ISABEL DIAZ
Date: 03-30-2012

Defendant EDUARDO DURAZO
Date: 3/29/12

6

JAGUAR RESTAURANT GROUP, LLC

By: _____
EDUARDO DURAZO
Title: Managing Partner
Date: 3|29|12

JAGMAR MANAGEMENT GROUP, LLC

By: _____
EDUARDO DURAZO
Title: Managing Partner
Date: 3|29|12

LAW OFFICES OF J.H. ZIDELL
300 71st Street, # 605
Miami Beach, Florida 33141
Telephone: 305-865-6766
Fax: 305-865-7167

By: _____
J.H. ZIDELL
Date: